IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. NORMAN L. HIGHTOWER,<br><br>　　Plaintiff,<br><br>v.<br><br>1. FRITO-LAY, INC., and<br>2. PEPSICO, INC.<br><br>　　Defendants. | CIVIL ACTION NO.: CIV-18-727-SLP |

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Frito-Lay, Inc. and PepsiCo, Inc. file this Notice of Removal from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of this removal, Defendants state as follows:

### I. PROCEDURAL HISTORY

1. On December 29, 2017, Plaintiff Norman L. Hightower ("Plaintiff"), filed his Petition in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2017-7343, against Defendants Frito-Lay, Inc. ("Frito-Lay") and PepsiCo, Inc. ("PepsiCo") (collectively referred to as "Defendants"). *See Exhibit A* – Plaintiff's Petition.

2. A true and correct copy of the docket sheet for Plaintiff's lawsuit filed as *Norman Hightower v. Frito-Lay, Inc. and PepsiCo, Inc.,* Case No. CJ-2017-7343,

pending in the District Court of Oklahoma County, Oklahoma is attached hereto as *Exhibit B.*

3. On June 26, 2018, summons was issued by the Oklahoma County District Court Clerk to Defendant PepsiCo. *See Exhibit C* – Summons. Defendant PepsiCo was served on June 28, 2018, via certified mail. *See Exhibit D* – CT Corporation, Service of Process Transmittal.

4. This removal, therefore, is timely filed within thirty (30) days of service on the first Defendant to be served, pursuant to 28 U.S.C. § 1446(b).

## II. **NATURE OF THE SUIT**

5. By his Petition, Plaintiff alleges he suffered a workplace injury on March 20, 2012 and that such injury caused him to cease working as of November 7, 2014. Plaintiff further alleges that even though he has continually remained employed since the date of his injury,[1] his employment benefits, including group medical and other employee welfare benefits for both Plaintiff and his spouse, were discontinued, allegedly in violation of the anti-retaliation provision of the Oklahoma Administrative Workers' Compensation Act, 85A O.S. § 7. Plaintiff further alleges that he has not been paid for wages and benefits owed him, allegedly in violation of the overtime provision found at Section 207 of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

---

[1] Plaintiff's Petition, Ex. "A," ¶ 7
*Because the workplace injury occurred prior to February 1, 2014, Plaintiff brings his retaliation claim under the predecessor provision, 85 O.S. § 341, pursuant to the Oklahoma Supreme Court ruling in *Young v. Station 27, Inc.*, 404 P.3d 829 (2017).

## III. BASES FOR REMOVAL

### A. *ERISA Preemption*

6. By his Petition, Plaintiff alleges that he, and also his spouse, were denied coverage under the PepsiCo group health care plan ("Plan"), as well as under other PepsiCo-sponsored group benefit plans, and that he has suffered damages as a result of the denial of coverage. Although Plaintiff characterizes the denial of group health and other coverages as a violation of the anti-retaliation provision of the Workers' Compensation Act, eligibility for coverage under a qualified employee welfare benefit plan, such as the PepsiCo group medical Plan, is determined by the Plan itself. A resolution, therefore, of whether or not Plaintiff's group medical and other benefits were improperly discontinued, and similarly a resolution of the damages, if any, to have resulted, requires an interpretation of the Plan, as well as other affected welfare benefit plans. Accordingly, Plaintiff's claims of wrongful discontinuation and denial of group benefits is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, *et seq.* ("ERISA"), and this removal to federal court therefore is appropriate on the basis of ERISA preemption. *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 209 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60-61 (1987). *See also, e.g., Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1155-56 (10th Cir. 2004) (finding that any state law claim that seeks to recover benefits provided for by a plan governed by ERISA must be re-characterized as a federal claim and thus subject to removal); *Anaya v. Lovelace Health Sys., Inc.,* No. 10-287, 2011 WL 13286200, at *3 (D.N.M. Jan. 11, 2011) (noting that the defendant's removal was proper because the plaintiff's cause of

action "unquestionably [can] be seen as seeking to recover benefits under the terms of a[n] [ERISA] plan").

### B. *Federal Question*

7. This Court also has original federal question jurisdiction over this matter. Federal question jurisdiction exists in all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(b).

8. A lawsuit filed in state court is removable if it affirmatively alleges a federal claim. *Ben. Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). The presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiff's complaint. *Aetna Health,* 542 U.S. at 207. Furthermore, under the "artful pleading" doctrine, "a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiffs claim." *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir. 1996) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 77 L. Ed. 2d 420 (1983). Removal is therefore permitted "when the plaintiff's right to relief requires resolution of a substantial question of federal law." *Id.*

9. Plaintiff brings claims under the FLSA, a federal statute, over which this Court has original jurisdiction. Even though there is concurrent jurisdiction over FLSA claims in both state court and federal court, FLSA claims nonetheless are removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003).

### C. *Diversity of Citizenship*

10. There also is complete diversity of citizenship between Plaintiff and Defendants.

11. Plaintiff, by his Petition, is a resident of Canadian County, Oklahoma.

12. Defendant Frito-Lay is incorporated in and is a citizen of the state of Delaware and has its headquarters and principle place of business in Plano, Texas.

13. Defendant PepsiCo is incorporated in and is a citizen of the state of North Carolina and has its headquarters and principal place of business in Purchase, New York.

14. Plaintiff does not plead a specific amount of damages sought. The law, however, is clear: a plaintiff cannot avoid removal merely by declining to allege a jurisdictional amount. *See McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (noting that allowing a plaintiff to avoid removal by refusing to assert a jurisdictional amount would frustrate the purpose of diversity jurisdiction). A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *Id.* at 955.

15. Plaintiff's Petition, read as a whole, shows that he seeks damages in excess of $75,000. Specifically, Plaintiff seeks a variety of damages consisting of loss of wages from November 7, 2014 to the present,[2] damages for loss of group medical and other benefits for him and his wife, equitable damages, liquidated damages, punitive damages, and attorneys' fees and costs. *See* Ex. A at pg. 8. On the basis of such allegations, this

---

[2] In 2014, Plaintiff earned $35,503.27 in wages. See *Exhibit E,* Declaration of Brandyn Brown and Plaintiff's 2014 W-2 Form. By seeking approximately over three (3) years of lost wages, Plaintiff requests, at minimum, $106,509.81 in damages for lost wages. This amount exceeds the minimum $75,000 necessary to satisfy the amount in controversy requirement for diversity jurisdiction.

Court can infer damages in excess of the jurisdictional minimum amount of $75,000. *McPhail*, 529 F.3d at 957. *See also, Carrillo v. MCS Indus., Inc.,* No. 12-0573, 2012 WL 5378300, at *4, *15-17 (D.N.M. Oct. 15, 2012).

## IV. <u>VENUE</u>

16.  Under 28 U.S.C. § 1441(a), removal of this action to this Court is proper as the Western District of Oklahoma embraces Oklahoma County, Oklahoma, where this suit was filed and is pending.

## V. <u>PROCEDURAL REQUIREMENTS</u>

17.  As required by 28 U.S.C. § 1446(a), Defendants have obtained a copy of (i) all executed process, pleadings, and orders served on Defendants, (ii) the state court docket sheet, and (iii) all documents filed in state court relating to the Petition. *See* Exhibits A, B, and D.

18.  Defendants will give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

19.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the District Court of Oklahoma County, Oklahoma, promptly after filing the same.

## <u>PRAYER</u>

In accordance with the requirements set forth in 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants respectfully request that this action be removed to this Court, that this Court accept jurisdiction, and for such other relief to which Defendants may be justly entitled.

Respectfully submitted,

/S/ *Allen Hutson*
Allen Hutson, OBA #30118
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
allen.hutson@crowedunlevy.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Riki R. Snyder, OBA No. 10880
SNYDER LAW GROUP
4000 North Classen, Suite 100 South
Oklahoma City, Oklahoma 73118
Telephone: (405) 525-8200
Facsimile: (405) 525-8203
Email: SnyderLaw@SnyderLawOK.com

*/S/ Allen Hutson*
ALLEN HUTSON