

CJ-17-7343
Parrish

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| NORMAN L. HIGHTOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| FRITO-LAY, INC., and PEPSICO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 29 2017

RICK WARREN
COURT CLERK

43_____

CJ-2017-7343

## PETITION

COMES NOW the Plaintiff, Norman L. Hightower, by and through his counsel of record, Riki R. Snyder, of Snyder Law Group, and allege and state as follows:

## PARTIES

1. Plaintiff, Norman L. Hightower (hereafter "Hightower"), and his spouse, Karyl Hightower, are adult residents of Canadian County, Oklahoma.

2. The Defendants are:

    A. Frito-Lay, Inc., a foreign for profit business corporation doing business in Oklahoma County, Oklahoma; and

    B. PepsiCo, Inc., a foreign for profit business corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff, Norman L. Hightower was hired and employed in Oklahoma City, Oklahoma County, Oklahoma, by PepsiCo/Frito-Lay.

4. Plaintiff's action is for wrongful termination after plaintiff's workers' compensation case was filed. PepsiCo/Frito-Lay canceled the health insurance coverage for Hightower and his spouse in violation of 85 O.S. § 341 during the pendency of plaintiff's

1

EXHIBIT A

workers' compensation case; canceled of plaintiff's Healthy Savings Account paid into by pre-tax dollars deducted from plaintiff's wages, failure to utilize or pay plaintiff's earned sick leave which was then lost to plaintiff, failure to pay for floating holidays and vacation time earned by plaintiff which was then lost to plaintiff, retaliation including termination in violation of the Fair Labor Standards Act ("FLSA") as set out in 29 U.S.C. § 206, *et seq.*, and Oklahoma's Protection of Labor Act, as set out in 40 O.S. § 161, *et seq.* Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 206 and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

5. This Court has jurisdiction over the defendants as they "acted directly or indirectly in the interest of the employer in relation to the employee . . ." 29 U.S.C. § 203(e)(1).

6. Defendants have intentionally failed and/or refused to pay the plaintiff properly according to the provisions of the FLSA.

7. All of the actions complained of occurred in Oklahoma City, Oklahoma County, Oklahoma, and the defendants may be served in that county. Oklahoma County is in the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

8. Defendant Frito-Lay, Inc., is an American subsidiary of PepsiCo that manufactures, markets and sells chips, nuts, dips and other snack foods, and maintains a warehouse and distribution center in Oklahoma City, Oklahoma, where plaintiff was employed.

9. Defendant's business has more than two (2) employees and has an annual dollar volume of sales or business done in excess of Two Billion Dollars ($2,000,000.00).

10. PepsiCo, Inc., is the parent company of Frito-Lay, Inc., and is an American manufacturer and as part of its business, a distributor of food, snack and beverage products for human consumption. PepsiCo, Inc./Frito Lay operate under the same employment/employee policy for plaintiff, Norman Hightower, said policy being set by PepsiCo, Inc.

11. Plaintiff was employed as a warehouseman at the Frito-Lay warehouse and distribution center in Oklahoma City, Oklahoma County, Oklahoma on March 11, 2011. On March 20, 2012, plaintiff suffered an on-the-job injury.

12. Plaintiff filed a workers' compensation claim with the Oklahoma Workers' Compensation Court of Existing Claims on January 31, 2014.

13. Plaintiff sought medical treatment and had back surgery on November 10, 2014. The last date prior to surgery plaintiff worked was November 7, 2014.

14. After plaintiff's back surgery, the neurosurgeon released plaintiff to work light duty with weight restrictions. Defendant Frito-Lay advised it had no light duty within the plaintiff's medical restrictions, and plaintiff would be unable to return to work until released from medical care with no restrictions.

15. The Court of Existing Claims found and ordered the claimant's claim to be compensable and that claimant was temporarily totally disabled and entitled to medical treatment and temporary total disability benefits.

16. Plaintiff was ordered to see a court-appointed physician for examination and treatment of plaintiff's right shoulder, and underwent unsuccessful right shoulder surgery on October 29, 2015 for a right shoulder arthroscopic debridement of irreparable supraspinatus tendon tear and superior labral anterior-posterior (SLAP) lesion and right shoulder arthroscopic biceps tenotomy, and a right shoulder arthroscopic superior capsule reconstruction on February

25, 2016. Plaintiff has remained temporarily totally disabled and is currently receiving temporary total disability benefits.

17. Plaintiff alleges he has continuously been an employee of defendants since the date of the accident.

17. Plaintiff's employer notified plaintiff of a change in his employment status, and required him to utilize COBRA insurance benefits, which were cancelled after June 30, 2017.

19. As a direct result of defendant's actions, the Plaintiff has suffered, and continues to suffer, damages, including lost wages, including, but not limited to, loss of benefits associated with employment, physical injury, and emotional distress.

## FIRST CAUSE OF ACTION

20. For plaintiff's first cause of action, he incorporates the allegations set forth above and further states:

21. Defendants terminated plaintiff's employment after he suffered a worked-related injury, instituted a proceeding, and retained an attorney. At all times relevant to the filing of this cause of action, 85 O.S. § 341 et seq., prohibited an employer from terminating the employment of an employee because the employee suffered a work-related injury, or instituted a proceeding, or retained an attorney for representation or filed a claim under the Workers' Compensation Act. Since November 10, 2014, plaintiff has had three surgeries and remains temporarily totally disabled and continues to receive temporary total disability benefits.

22. Defendants attempted to mask its wrongful termination by stating plaintiff had a "change of employment status", then proceeded to terminate plaintiff's company benefits, company health benefits, closed plaintiff's healthy savings account and kept the monies contributed by plaintiff to his healthy savings account, and denied plaintiff access to his

4

employer/employee benefits account status and information, including plaintiff's retirement account. During this period of denial, defendants also delayed with the denial of medical treatment for plaintiff's work-related injuries.

23. Defendants denied plaintiff his employee insurance benefits stating he would no longer be offered employer-provided insurance benefits for plaintiff and his wife, and plaintiff would have to proceed under COBRA, at a significantly higher cost to plaintiff, while plaintiff was receiving temporary total disability benefits.

24. Defendants' company policy violated state workers' compensation statute 85 O.S. § 341 et seq. by denying employee health benefits during claimant's period of temporary total disability. Further, plaintiff was required under defendants' company policy to apply for Long-Term Disability (LTD) and Social Security Disability Benefits (SSDI) or face certain termination, all in violation of 85 O.S. § 341, et seq. Plaintiff refused to apply for Long-Term Disability (LTD) and Social Security Disability Benefits (SSDI) pursuant to defendants' unlawful policy and has been further damaged.

25. Punitive damages are necessary in order to punish the defendants for their egregious conduct and to deter the defendants and others from similar conduct in the future.

26. The aforementioned termination was in direct violation of 85 O.S. § 341 *et seq.*, and as a direct and proximate cause of defendants' willful violation, plaintiff has suffered, and will continue to suffer, loss of income and benefits and physical injury.

27. Plaintiff alleges that the defendants violated provisions of the Fair Labor Standards Act (hereinafter "FLSA").

28. Defendants deprived the plaintiff of his lawful wages and employee benefits by failing to pay Hightower for his earned wages and benefits is in violation of 29 U.S.C. §§ 207

5

and for failing to make payment of wages earned and due for greater than the eleven days after the date such wages were earned pursuant to 40 O.S. § 165.2, *et seq.*

29. Plaintiff's health insurance was a benefit offered to its employees and paid by plaintiff's employer, PepsiCo/Frito-Lay. Hightower paid insurance benefits for his spouse, Karyl Hightower, which were deducted from his salary, but at the company's lower premium rate for employees and family members. The requirement to proceed under COBRA caused plaintiff additional damages. COBRA coverage ended on June 30, 2017. Plaintiff and his spouse have had no health insurance since this date. Plaintiff is temporarily totally disabled and continues to receive temporary total disability benefits.

30. Under this cause of action Plaintiff is entitled to damages, including, but not limited to, his unpaid wages and employee benefits, prejudgment interest, attorney fees and costs.

31. Under Oklahoma law plaintiff is entitled to 2% per day liquidated damages award not to exceed 100% of the unpaid wages for each day such wages were unpaid after the pay period in which he should have been paid.

32. At all times material to this action, defendants are enterprises engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

## SECOND CAUSE OF ACTION

33. For Plaintiff's second cause of action, he incorporates the allegations set forth above and further states:

34. Defendants failed to pay wages and employee benefits in violation of the FLSA, 29 U.S.C. § 215, ("FLSA') and also in violation of Oklahoma's well-established public policy

6

against discharging employees for complaining of failure to pay wages in accordance with Oklahoma law.

35. Under this cause of action, Plaintiff is entitled to recover all wages lost, past, present and future, attorney fees and costs and damages.

36. Because Defendants' conduct was either willful, malicious, or at a minimum, in reckless disregard of plaintiff's rights and public policy, plaintiff is entitled to recover punitive damages under the state claim and liquidated damages under the FLSA.

### THIRD CAUSE OF ACTION

37. For Plaintiff's third cause of action, he incorporates the allegations set forth above and further states that:

38. Plaintiff alleges that the defendants further violated provisions of the Fair Labor Standards Act (hereinafter "FLSA").

39. Defendants deprived the plaintiff of his lawful wages and employee benefits by failing to pay Hightower for his earned wages and benefits is in violation of 29 U.S.C. §§ 207 and for failing to make payment of wages earned and due for greater than the eleven days after the date such wages were earned pursuant to 40 O.S. § 165.2, *et seq*.

40. Plaintiff's health insurance benefits were fully paid by his employer. Hightower paid insurance benefits for his spouse, Karyl Hightower, which were deducted from his salary, but at the company's lower premium rate for employees and family members. The requirement to proceed under COBRA caused plaintiff additional damage.

41. Under this cause of action Plaintiff is entitled to damages, including, but not limited to, his unpaid wages and employee benefits, prejudgment interest, attorney fees and costs.

42. Under Oklahoma law plaintiff is entitled to 2% per day liquidated damages award not to exceed 100% of the unpaid wages for each day such wages were unpaid after the pay period in which he should have been paid.

43. At all times material to this action, defendants are enterprises engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

WHEREFORE, plaintiff prays that he will be awarded judgment against the defendants in an amount in excess of $10,000.00, that plaintiff's employee benefits and health insurance benefits for himself and his spouse, be reinstated effective January 1, 2016, or damages paid in lieu thereof, and that the Court award all relief as may be appropriate, including, but not limited to, actual damages, equitable damages, punitive damages, liquidated damages, attorney fees, costs, and such other and further relief as the court may deem just and proper.

DATED: December 29th, 2017.

Respectfully submitted,

Riki R. Snyder, OBA No. 10880
Snyder Law Group
4000 North Classen, Suite 100 South
Oklahoma City, OK 73118
Telephone: (405) 525-8200
Facsimile: (405) 525-8203
*Attorneys for Plaintiff*

ATTORNEY'S LIEN CLAIMED
JURY TRIAL DEMANDED