IN THE UNITED DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORMAN L. HIGHTOWER,<br>　　Plaintiff<br><br>VS.<br><br>FRITO-LAY, INC. and PEPSICO, INC.,<br>　　Defendants | §<br>§<br>§<br>§<br>§　　CASE NO. CIV-18-727-SLP<br>§<br>§<br>§ |

## DEFENDANT PEPSICO, INC.'S ANSWER

PEPSICO, INC., Defendant, to be referred to as "Defendant PepsiCo," by and through the undersigned attorneys, answers the Petition, hereinafter referred to as the "Complaint," filed in this cause by NORMAN L. HIGHTOWER, Plaintiff, as follows:

### PARTIES

1.　　Defendant PepsiCo, on information and belief, admits to the allegations set forth in paragraph 1 of the Complaint.

2.　　Defendant PepsiCo admits to the allegations set forth in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.　　Defendant PepsiCo admits to the allegations set forth in paragraph 3 of the Complaint, only insofar as Plaintiff at one time was employed in Oklahoma City, Oklahoma only by Defendant Frito-Lay. Defendant PepsiCo denies that Plaintiff ever was employed by Defendant PepsiCo.

4.　　Defendant PepsiCo admits to the allegations set forth in paragraph 4 of the Complaint, only insofar as group medical and other employee welfare benefits were

1

terminated in accordance with the eligibility requirements of the respective plans. Defendant PepsiCo, however, denies any wrongdoing or violation of the law, and otherwise denies the allegations set forth therein.

5.       Defendant PepsiCo denies the allegations set forth in paragraph 5 of the Complaint, except that said Defendant admits only that this federal Court has jurisdiction over the parties and claims asserted.

6.       Defendant PepsiCo denies the allegations set forth in paragraph 6 of the Complaint.

7.       Defendant PepsiCo denies the allegations set forth in paragraph 7 of the Complaint, except that said Defendant admits only that venue is proper in this Court.

## STATEMENT OF ALLEGED FACTS

8.       Defendant PepsiCo admits to the allegations set forth in paragraph 8 of the Complaint.

9.       Defendant PepsiCo admits to the allegations set forth in paragraph 9 of the Complaint, only as to this Defendant.

10.      Defendant PepsiCo denies the allegations set forth in paragraph 10 of the Complaint, except that said Defendant admits only that Defendant PepsiCo is the parent organization of Defendant Frito-Lay, and that Defendant PepsiCo is a major producer of beverage products for human consumption.

11.      Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 11 of the Complaint, and therefore denies same.

12.  Defendant PepsiCo denies the allegations set forth in paragraph 12 of the Complaint.

13.  Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 13 of the Complaint, and therefore denies same.

14.  Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 14 of the Complaint, and therefore denies same.

15.  Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 15 of the Complaint, and therefore denies same.

16.  Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 16 of the Complaint, and therefore denies same.

17.  Defendant PepsiCo denies the allegations set forth in paragraph 17 of the Complaint. Insofar as directed at this Defendant; Plaintiff was never an employee of this Defendant.

18.  Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 18 of the Complaint, misnumbered as paragraph 17, and therefore denies same.

19.  Defendant PepsiCo denies to the allegations set forth in paragraph 19 of the Complaint.

## **FIRST CAUSE OF ACTION**

20.     For Plaintiff's first cause of action, Defendant PepsiCo incorporates all denials and other responsive pleadings set forth in foregoing paragraphs 1 through 19.

21.     Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 21 of the Complaint, and therefore denies same; except that said Defendant denies terminating, or causing the termination of, Plaintiff's employment. Insofar, moreover, as paragraph 21 contains only assertions of law and not of fact, no responsive pleading is required.

22.     Defendant PepsiCo denies the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant PepsiCo denies the allegations set forth in paragraph 23 of the Complaint, except that said Defendant admits only that Plaintiff's and his spouse's entitlement to employment benefits terminated in accordance with the eligibility requirements of the various employee welfare benefit plans.

24.     Defendant PepsiCo denies the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant PepsiCo denies the allegations set forth in paragraph 25 of the Complaint.

26.     Defendant PepsiCo denies the allegations set forth in paragraph 26 of the Complaint.

27.     Defendant PepsiCo denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant PepsiCo denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant PepsiCo lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 29 of the Complaint, and therefore denies same; except that said Defendant admits only that Plaintiff and his spouse at one time received benefits under Defendant's group medical plan and that such coverages terminated in accordance with the eligibility requirements of the plan, and further admits, on information and belief, that Plaintiff continues to receive temporary total disability benefits.

30. Defendant PepsiCo denies the allegations set forth in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains only assertions of law and not of fact, for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendant PepsiCo denies the allegations set forth therein.

32. Paragraph 32 of the Complaint sets forth only an assertion of law and not of fact, for which no responsive pleading is required.

## SECOND CAUSE OF ACTION

33. For Plaintiff's second cause of action, Defendant PepsiCo incorporates all denials and other responsive pleadings set forth in foregoing paragraphs 1 through 32.

34. Defendant PepsiCo denies the allegations set forth in paragraph 34 of the Complaint.

4819-9436-7598.3

35.	Defendant PepsiCo denies the allegations set forth in paragraph 35 of the Complaint.

36.	Defendant PepsiCo denies the allegations set forth in paragraph 36 of the Complaint.

### THIRD CAUSE OF ACTION

37.	For Plaintiff's third cause of action, Defendant PepsiCo incorporates all denials and other responsive pleadings set forth in foregoing paragraphs 1 through 36.

38.	Defendant PepsiCo denies the allegations set forth in paragraph 38 of the Complaint.

39.	Defendant PepsiCo denies the allegations set forth in paragraph 39 of the Complaint.

40.	Defendant PepsiCo denies the allegations set forth in paragraph 40 of the Complaint, except that said Defendant admits only that Plaintiff and his spouse, when meeting the eligibility requirements of the plan, were covered by group medical benefits.

41.	Defendant PepsiCo denies the allegations set forth in paragraph 41 of the Complaint.

42.	Paragraph 42 of the Complaint sets forth only an assertion of law and not of fact, for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendant PepsiCo denies the allegations set forth therein.

43.	Paragraph 43 of the Complaint sets forth only an assertion of law and not of fact, for which no responsive pleading is required.

4819-9436-7598.3

44. Defendant PepsiCo denies that Plaintiff is entitled to any of the relief sought by his prayer for relief.

45. Any and all allegations set forth in the Complaint that have not expressly been admitted to or denied are denied.

## AFFIRMATIVE DEFENSES

46. Plaintiff has failed to set forth a claim or claims for which relief may be granted.

47. Plaintiff's claims, including specifically his workers' compensation retaliation claim, for loss of group medical and other employment benefits, as well as a determination of any damages to arise therefrom, require the interpretation of a qualified employee welfare benefit plan or plans, such that Plaintiff's claims, including specifically his workers' compensation retaliation claim, are completely pre-empted by the Employee Retirement Income Security Act (ERISA).

48. Defendant Frito-Lay was at all times relevant to the present action a subscriber to workers' compensation benefits; accordingly, Plaintiff's claims, including claims for loss of wages, employment benefits and other compensation, to arise directly or indirectly from his workplace injury are barred by the exclusive-remedy provision of the Oklahoma Administrative Workers' Compensation Act, Okla. Stat. tit. 85A, § 5(A), or, as appropriate, by the exclusive-remedy provision of the predecessor Act.

49. Plaintiff's loss of group medical and other employment benefits was brought about by the eligibility requirements of the respective employee welfare benefit plan or plans, and not by a termination of his employment.

50. Plaintiff has failed to mitigate his damages, if any, and Defendant, PepsiCo is entitled to an offset for interim earnings, including unemployment compensation benefits.

51. Defendant PepsiCo was never Plaintiff's employer and therefore is not liable on Plaintiff's claims.

52. Plaintiff's claims, in whole or in part, are barred by limitations.

WHEREFORE, PREMISES CONSIDERED, Defendant PepsiCo, Inc., prays that Plaintiff take nothing on his claims, that his suit be dismissed with prejudice, and that said Defendant have and recover from Plaintiff whatever other and further relief to which it may show itself entitled.

Respectfully submitted,

*s/ Randall J. Snapp*
Randall J. Snapp, OBA# 11169
CROWE & DUNLEVY
321 South Boston Avenue
500 Kennedy Building
Tulsa, Oklahoma 74103
(918) 592-9800
(918) 592-9801 – Facsimile
randall.snapp@crowedunlevy.com

Allen L. Hutson, OBA #30118
Melissa McDuffey, OBA #32463
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)

allen.hutson@crowedunlevy.com  
melissa.mcduffey@crowedunlevy.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 31st day of July, 2018, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Riki R. Snyder, OBA No. 10880  
SNYDER LAW GROUP  
4000 North Classen, Suite 100 South  
Oklahoma City, Oklahoma  73118  
Telephone:  (405) 525-8200  
Facsimile:   (405) 525-8203  
Email:  SnyderLaw@SnyderLawOK.com

          s/ *Randall J. Snapp*  
          RANDALL J. SNAPP

4819-9436-7598.3